decree against stipulators. The suit was brought by the libellant, Mary A. Corwine, to recover the value of a canal-boat and her cargo, lost through the fault of the Deer. [See Case No. 3,737.] A final decree was entered in favor of the libellant on the 4th day of March, 1871, for $2,737.69 damages and $331.61 costs. An appeal was taken but never proceeded further than the giving and filing of notice of the appeal. In the month of May, 1871, negotiations for a compromise of the suit were pending between the proctors representing the parties, and on the 18th day of said month the stipulators paid in setlement of the suit $2,000. It is proved that the owners of the cargo of the canal-boat, or those who had succeeded to their interest, were parties to this settlement; that it also was consented to by the proctors for the libellant, the law firm of Platt, Gerard & Buckley, and that the husband of the libellant, who had been the master of the canal-boat, was present at and consented to the settlement. The final decree does not show what part of said damages, if any, was awarded for the value of the canal-boat. The pleadings in the case cannot be found and there is no evidence produced to show what amount of damages this libellant claimed in her own right. Enough appears to show that she was suing on behalf of the owners of the cargo on board the canal-boat as well as on her own behalf. This motion was not made until the 28th day of March, 1879. The libellant has sworn that she did not authorize the settlement and received no part of the $2,000.

Under these circumstances the motion must be denied. It clearly would be improper and unjust towards the stipulators, even if the settlement was unauthorized by the libellant, to enforce the decree for any sum beyond the amount recovered by the libellant on her own account. Moreover, the extraordinary delay on her part, in connection with the facts that her husband was present at the settlement and that her proctors, especially through Mr. Buckley, now dead, took part in it, creates so strong a presumption of acquiescence on her part that I think it is not overcome by her testimony. In any event the burden is on her of showing what interest she had in the decree.

## Case No. 3,739.

### The DEER.

[1 Lowell, 95;[1] 2 Am. Law Rev. 101.]

District Court, D. Massachusetts. 1866.

PRIZE JURISDICTION—SERVICES BY STRANGERS—SALVAGE IN LIEU OF PRIZE-MONEY.

1. A court of prize has power to give salvage in lieu of prize-money to persons not of the navy,

[1] [Reported by Hon. John Lowell, LL. D., District Judge, and here reprinted by permission.]

who have rendered valuable service in making a capture.

2. Four per cent. of the value of the prize and counsel fees granted to two persons who made known the rebel signals, and thus enabled the naval officers to make the prize.

Two men, who had escaped from Charleston and given themselves up to our fleet, made important disclosures concerning the signal lights used by the rebels, and thus enabled the navy to make the prize. This was done under a promise of payment if their services should prove to be of value. They now petition against the proceeds in the registry.

H. Flanders, for petitioners.

R. H. Dana, Jr., Dist. Atty., for naval captors and government, submitted the case without argument.

LOWELL, District Judge. The petitioners have rendered very useful services, and the only question is whether they can be paid out of the fund. The prize acts do not meet the case; but they are not exhaustive of the subject of prize. In The Dos Hermanos, 10 Wheat. [23 U. S.] 306, cited at the bar, non-commissioned captors were allowed one-half the value by way of salvage. The whole has sometimes been given: The Haase, 1 C. Rob. 286. So in case of recapture by the crew of the prize, or by the army, or by non-commissioned persons, salvage is awarded: The Hope, Hay & M. 216; The Helen, 3 C. Rob. 224; The Progress, Edw. 214.

That the petitioners ought to be rewarded cannot be denied, and that the government as well as the captors would be under a strong moral obligation to remunerate them is clear. In the case of the steamer Planter, which was run out of Charleston, with great skill and at great hazard, by the negro Robert Small and his associates, and delivered to our fleet, congress granted them one-half the value. 12 Stat. 904. As that vessel does not appear ever to have been taken before a prize court, the action of the legislature became necessary. But, in this case, the simple and practical mode of arriving at the compensation, and the mode by which the burden will be properly distributed in exact proportion to the benefit conferred, is to make it a charge on the fund. And it comes fairly within the analogy of the cases cited, which hold those to be salvors who are not technically captors, but who have made or contributed to the capture. The amount of salvage suggested was five per cent. of the net value of the prize. I have concluded to award two thousand dollars to each petitioner, which is about four per cent. in all, and a reasonable counsel fee.

DEFENDER, The (THORP v.). See Case No. 14,003.